## CIRCUIT COURT OF FAIRFAX COUNTY

Terrence A. Holt

v.

Fairfax County
Uniformed Retirement
System
and Fairfax County

August 15, 2000

Case No. (Chancery) 157028

BY JUDGE F. BRUCE BACH

This matter came before the Court on July 25, 2000, on the Complainant Terrence A. Holt's Motion for Declaratory Judgment against the Defendants, the Uniformed Retirement System of Fairfax County and the County of Fairfax (collectively, "the County"). At the conclusion of the bench trial, I took the matter under advisement. For the reasons stated below, I find in favor of the County and dismiss the Motion for Declaratory Judgment.

On August 5, 1996, while employed as a deputy sheriff, Holt sustained an injury to his left knee. The County of Fairfax and the Virginia Workers' Compensation Commission deemed the injury to be a workers' compensation occupational injury. Although doctors eventually released Holt to return to unrestricted duty, Holt subsequently returned to a temporary, light-duty position. On December 12, 1997, Holt submitted an application for a service-connected disability retirement. On June 24, 1998, the Board of Trustees of the Uniform Retirement System retired Holt on a reduced benefit of forty percent.

On December 9, 1996, between the time of Holt's injury and the time of his application, the Board of Supervisors of the County of Fairfax ("the Board") enacted ordinance number 48-96-3, which amended sections 3-3-36 and 3-3-37 of Article 3 of the Fairfax County Code. The amendment increased

the indemnity benefit for "severe" injuries from sixty-six and two-thirds percent to ninety percent. It reduced the indemnity benefit for other injuries, however, to forty percent of the average salary of members who submitted disability retirement applications after December 9, 1996.

At trial, Holt asserted that the Board unconstitutionally reduced the benefits of those members whose career-ending injuries preceded December 9, 1996, the date that the amendment went into effect. First, he argued that there was improper notice of the revisions to the service-connected disability retirement ordinance. I find this argument unpersuasive, however, because the evidence demonstrated that the County provided informational meetings and a video that informed members of potential revisions. The County also published an article in the *Courier* announcing the public hearing scheduled for December 9, 1996, during which the Board considered the proposed revisions. Furthermore, the County was not required to give notice to all members who were on workers' compensation at the time of the revisions, particularly given that there is no guarantee that an individual who is receiving workers' compensation will eventually retire as disabled.

Second, Holt argued that the Board enacted the revisions on the same day that it set the deadline to apply under the old ordinance, thereby creating and taking away a right at the same time. Section 3-3-36 had only one requirement, that a member have a service-related injury. Section 3-3-37 grandfathered members who had submitted an application for service-connected disability as of December 9, 1996. Thus, according to Holt, although he qualified under section 3-3-36, it was impossible for him to submit his application timely because the earliest he could have submitted it, even if he had been aware of the changes on December 9, 2000, was December 10, 1996.

The County argued that certain events must occur before an inchoate right vests. *Pitts v. City of Richmond*, 235 Va. 16, 366 S.E.2d 56 (1988) (holding that inchoate rights to retirement benefits do not vest until a member qualifies). In the case at hand, filing the application was the step that Holt never took in order to benefit from the grandfather clause.

I agree with the County that Holt needed, at a minimum, to submit an application on or before December 9, 1996, to receive compensation under the old ordinance. The revisions to the ordinance did not create a right and take it away at the same time. Rather, the grandfather clause protected the members who had completed the application process and also permitted an additional group, those who filed applications but had not yet completed the process, to benefit as well. The case that Holt cites, *Norfolk v. Key*, 192 Va. 694, 66 S.E.2d 479 (1951), is inapposite because the member in that case completed all of the steps and was, therefore, entitled to benefits under the former system.

Finally, I find that the County's action did not violate Code §§ 51.1-800, 51.1-801, and 51.1-813. I agree with the County that Code § 51.1-800 does not apply to disability retirement, but applies to service retirement, which must be sixty-six and two-thirds percent. Instead, Code § 15.2-1618 applies, which requires that retirement for deputy sheriffs under Code § 51.1-404(B) not fall below twenty-five percent.

I find that the County had the constitutional authority to reduce the disability retirement amount. The County, therefore, is not required to compensate Holt at the rate of sixty-six and two-thirds percent.